## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS CO., an Illinois corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FREEDOM GRILL, INC., a California corporation, SUNBEAM PRODUCTS, INC. (d/b/a Jarden Consumer Solutions), a Delaware corporation, and JARDEN CORPORATION, a Delaware corporation,<br><br>    Defendants. | Case No: _____<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Weber-Stephen Products Co. ("Weber"), an Illinois corporation, with offices at 200 East Daniels Road, Palatine, IL 60067, through its attorneys, Baker & McKenzie LLP hereby complain against Defendants, Freedom Grill, Inc. ("Freedom Grill"), a California corporation with offices at 13000 Danielson St. Suite E, Poway, CA 92064, Sunbeam Products, Inc. (doing business as Jarden Consumer Solutions) ("Sunbeam"), a Delaware corporation with offices at 2831 Northwest Executive Center Dr., Boca Raton, FL 33431, and Jarden Corporation ("Jarden"), a Delaware corporation with offices at 555 Theodore Fremd Ave, Ste B302, Rye, NY 10580, stating as follows:

### THE PARTIES

1. Weber is an Illinois corporation headquartered in Palatine, Illinois and has a place of business at 200 East Daniels Road, Palatine, IL 60067.

2. Weber manufactures, sells and distributes grill products in the United States, including in the State of Illinois, and including in this District.

3. Weber is the owner of and has the right to sue for infringement of U.S. Patent Nos. 6,910,476 (Exhibit A) and 7,438,071 (Exhibit B).

4. Upon information and belief, Freedom Grill is a California corporation and has a place of business at 13000 Danielson St. Suite E, Poway, CA 92064.

5. Upon information and belief, Sunbeam is a Delaware corporation and has a place of business at 2831 Northwest Executive Center Dr., Boca Raton, FL 33431.

6. Upon information and belief, Jarden is a Delaware corporation and has a place of business at 555 Theodore Fremd Ave, Ste B302, Rye, NY 10580.

7. Freedom Grill, Sunbeam, and Jarden (collectively "Defendants") are engaged in the manufacture, use, importation, offering for sale and/or sale of grills and other products in the United States, including in the State of Illinois, and including in this District.

**THE ACCUSED PRODUCT**

8. Defendants have and continue to manufacture, use, import into the United States, offer for sale, and/or sell grills with fold-out integrated side tables (collectively referred to as the "Accused Grills"), including Freedom Grill model FG-50 and Margaritaville Tailgating Grill. Photos of the FG-50 (photos 1-2) and the Margaritaville Tailgating Grill (photos 3-5) are attached as Exhibit C.

9. The Accused Grills are offered for sale and are sold in the United States and in this district, including at Costco, 7311 Melvina Ave., Niles, IL 60714. See Exhibit D.

10. Defendants advertise on their websites (i.e., http://store.freedomgrill.com/servlet/Detail?no=83 and http://www.margaritavillecargo.com/Product.aspx?pid=6793) that the Margaritaville Tailgaiting Grill may be purchased on-line from within this District. Upon information and belief, Defendants directly ship product to customers within this District. See Exhibits E-H.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1338 because this matter arises under the United States patent statutes for infringement of United States patents.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b), 1391(b) and/or 1391(c) because Defendants are subject to personal jurisdiction in this District and therefore reside in this District pursuant to 28 U.S.C. § 1391(c) because the Accused Grills are offered for sale in this District.

## COUNT I - INFRINGEMENT OF U.S. PATENT 6,910,476

13. On June 28, 2005, the United States Patent Office issued U.S. Patent 6,910,476 ("the '476 patent") to Weber. A copy of the '476 patent is attached hereto as Exhibit A.

14. By manufacturing, importing, using, offering for sale and/or selling the Accused Grills, such as the one shown in Exhibit D, Defendants have infringed and are continuing to infringe at least one claim of the '476 patent in violation of 35 U.S.C. § 271.

15. By reason of the ongoing and continuous infringement by Defendants of the '476 patent in violation of 35 U.S.C. § 271, Weber is entitled to an entry of an injunction against Defendants, preventing further infringement of Weber's patent rights, pursuant to 35 U.S.C. § 283.

16.     Weber has suffered and is continuing to suffer damages as a result of Defendants' infringement of the '476 patent in violation of 35 U.S.C. § 271, and Weber is entitled to compensation or other damages as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

17.     Weber has complied with the statutory requirement of placing a notice of the '476 patent on all products it sells which are covered by the '476 patent.

### COUNT II - INFRINGEMENT OF U.S. PATENT 7,438,071

18.     On October 21, 2008, the United States Patent Office issued U.S. Patent 7,438,071 ("the '071 patent") to Weber.  A copy of the '071 patent is attached hereto as Exhibit B.

19.     By manufacturing, importing, using, offering for sale and/or selling the Accused Grills, such as the one shown in Exhibit D, Defendants have infringed and are continuing to infringe at least one claim of the '071 patent in violation of 35 U.S.C. § 271.

20.     By reason of the ongoing and continuous infringement by Defendants of the '071 patent in violation of 35 U.S.C. § 271, Weber is entitled to an entry of an injunction against Defendants, preventing further infringement of Weber's patent rights, pursuant to 35 U.S.C. § 283.

21.     Weber has suffered and is continuing to suffer damages as a result of Defendants' infringement of the '071 patent in violation of 35 U.S.C. § 271, and Weber is entitled to compensation or other damages as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

## REQUEST FOR RELIEF

Weber hereby requests an entry of relief against Defendants as follows:

(a) Entering judgment that Defendants, by reason of the manufacture, use, importation, offer for sale, and/or sale of the Accused Grills, infringe the patents asserted herein in violation of 35 U.S.C. § 271.

(b) Awarding Weber damages to the full extent permitted by 35 U.S.C. § 284, including interest, by reason of Defendants' infringement of the patents asserted herein.

(c) Entering a permanent injunction against Defendants, barring and enjoining further manufacture, use, importation, offer for sale, sale, and distribution in the United States of all infringing products.

(d) Awarding all other relief as this Court deems proper.

## DEMAND FOR JURY

Weber requests that all issues triable by a jury be so tried in this case.

-6-

Dated: November 4, 2009                    Respectfully submitted,

                                           **BAKER & McKENZIE LLP**

                                            /s/ Daniel A. Tallitsch
David I. Roche                             Daniel A. Tallitsch
Daniel A. Tallitsch
**BAKER & McKENZIE LLP**
130 E. Randolph Drive
Chicago, IL  60601
ph:     (312) 861-8000
fax:    (312) 698-2420
daniel.a.tallitsch@bakernet.com

Attorneys for Plaintiff, Weber-Stephen Products Co.

List of Exhibits

| | | |
|---|---|---|
| A | U.S. Patent 6,910,476 |
| B | U.S. Patent 7,438,071 |
| C | Photos of Accused Product (FG-50 and Margaritaville Tailgating Grill) |
| D | Purchase Receipt for Margaritaville Tailgating Grill |
| E | Advertisement indicating that Margaritaville Tailgating Grill can be purchased online (Freedom Grill website) |
| F | Shipping information from Freedom Grill website |
| G | Advertisement indicating that Margaritaville Tailgating Grill can be purchased online (Sunbeam/Jarden website) |
| H | Shipping information from Sunbeam/Jarden website |