# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEBER – STEPHEN PRODUCTS CO., an Illinois corporation, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:09-cv-06928<br>)<br>) JURY TRIAL DEMANDED |
| v. | )<br>) |
| FREEDOM GRILL, INC., a California corporation, SUNBEAM PRODUCTS, INC. (d/b/a Jarden Consumer Solutions), a Delaware corporation, and JARDEN CORPORATION, a Delaware corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## SUNBEAM'S MOTION FOR SANCTIONS

- 2 -

Pursuant to Rule 11, Fed. R. Civ. P., Sunbeam[1] moves for sanctions.[2] Weber's patent lawsuit is frivolous in violation of Rule 11(b) because there is no possibility for patent infringement by Sunbeam here, either literally or under the doctrine of equivalents.

## I. FACTUAL BACKGROUND

Weber sued Sunbeam for infringement of two patents, both related to grills designed for tailgating. *See* Exhibit A, Complaint. The first patent is U.S. Patent No. 6,910,476 (the " '476 Patent"), titled "Barbecue Grill and Support Frame Assembly." Exhibit B, '476 Patent. The second patent is U.S. Patent No. 7,438,071 (the " '071 Patent"), titled "Barbecue Grill with Folding Shelves." *See* Exhibit C, '071 Patent. The only Sunbeam product accused of infringement, and indeed, the only outdoor gas grill product that Sunbeam makes, is its Margaritaville Tailgating Grill, shown below, in various views. *See* Exhibit A, Complaint, at 2.

 

---

[1] Although Sunbeam Products, Inc. and Jarden Corporation are named as distinct entities, Sunbeam Products' Inc. is owned entirely by Jarden Corporation.

[2] In satisfaction of Fed. R. Civ. P. 11(c)(2), a copy of this motion was served upon Weber on December 24, 2009. *See* Exhibit 1. Because Weber did not correct or withdraw its complaint within 21 days of service, Sunbeam is now filing this Motion with the Court.



As these photographs illustrate, the Sunbeam grill lacks basic features that make it impossible for it to infringe either patent. First, the grill is not supported by an exterior frame structure. Second, the grill's shelves are not directly connected to the grill's body (also called the "fire bowl" or the "cooking chamber"), but rather are connected to the grill's handles. As the most basic analysis by Weber, even one limited to looking at photographs of the grill, would have made clear that these features are not present in the Sunbeam grill, and therefore that infringement is impossible, the claims asserted by Weber are frivolous and in violation of Fed. R. Civ. P. Rule 11(b). As such, Weber should be sanctioned for bringing this case against Sunbeam.

## II.  APPLICABLE LAW

### A.  Legal Standard for Literal Infringement

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent." 35 U.S.C. § 271 (a); *see also Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 443, 127 S. Ct. 1746, 1751 (2007). The patent infringement analysis involves two steps: (1) claim construction and (2) comparison of the construed claim to the accused device. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). The purpose of claim construction is to determine "the meaning and scope of the patent claims." *Id*.

"[T]he court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." *Id*. at 979. However, "[t]he Markman decisions do not hold that the trial judge must repeat or restate every claim term . . . . Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy." *U.S. Surgical Corp. v. Ethicon, Inc*., 103 F.3d 1554, 1568 (Fed. Cir. 1997).

With respect to the second step, "[a] finding of infringement requires a finding that the accused product contains each limitation of the claim, either literally or under the doctrine of equivalents." *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 507 F. Supp. 2d 854, 861 (N.D. Ill. 2007) (citing *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005)) (granting defendant's motion for summary judgment of non-infringement).

### B. Legal Standard for Infringement Under the Doctrine of Equivalents

Even if a product does not meet every claim limitation literally, it may still infringe under the doctrine of equivalents, if the differences between the claimed invention and the accused product are insubstantial. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co*., 339 U.S. 605, 608 (1950). One way of demonstrating insubstantial differences is by showing, on a limitation by limitation basis, that the accused product (1) performs substantially the same function, (2) in substantially the same way, (3) to achieve substantially the same result as each claim limitation of the patented product. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co*., 520 U.S. 17, 39-40 (1997).

### C. Rule 11 Sanctions

Fed. R. Civ. P. Rule 11(b) states that in presenting papers to a federal court, the signing attorney certifies that the filing is "'not being presented for any improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation,' and that the legal argument presented is 'warranted by existing law or by a nonfrivolous argument' for changing the law." *Optionsxpress, Inc. v. Hale*, No. 08 C 179, 2009 WL 4015556, at *1 (N.D. Ill. Nov. 19, 2009), quoting Fed. R. Civ. P. 11(b)(1) and 11(b)(2). The standard for Rule 11 is "objective reasonableness," that is, "whether a reasonable attorney would have or should have known that his conduct violated the provisions of the Rule." *Id.* As a result, Rule 11 permits the imposition of sanctions where "the responding party or his counsel should have known that his position was groundless." *Lengerich v. Columbia College*, 633 F. Supp. 2d 599, 610 (N.D. Ill. 2009).

Rule 11 is intended to protect the integrity of the legal system. *See, e.g., id.* ("Notably, the Rule 'enables the court to protect itself, and the litigants in other cases, from the burdens of frivolous or vexatious filings.'" (quoting *Frantz v. U.S. Powerlifting Fed'n*, 836 F.2d 1063, 1066 (7th Cir. 1987)). It is part of a lawyer's overall obligation to the court, and to the judicial system, to help that system function properly to achieve the just resolution of controversies; and which is "meant, in some small degree, to enlist the bar in the enterprise of administering the law, thereby making it more difficult for the strong, or wealthy, to use the very costs of the legal system to undermine its basic objectives." *Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 842 (1st Cir. 1990).

The certification specified by Rule 11 is deemed to be made whenever a pleading is "presented" to the court. This includes (1) when it is signed; (2) when it is filed; (3) when it is submitted; and (4) when it is later advocated. Rule 11(b), Fed. R. Civ. P.; *Curley v. Brignoli Curley & Roberts Assoc.*, 128 F.R.D. 613, 616 (S.D.N.Y. 1989) (stating that each time an amended complaint is filed, the amended complaint must meet the requirements of Rule 11 when the pleading is signed), *aff'd*, 915 F.2d 81 (2nd Cir. 1990), cert. denied, 499 U.S. 955 (1991).

## III. ARGUMENT

Neither of the asserted patents can be infringed, either literally or under the doctrine of equivalents, under any reasonable claim construction. Even the most basic analysis by Weber and its counsel would have shown that infringement is impossible. That Weber should have known its position is groundless makes this case patently frivolous and appropriate for Rule 11 sanctions. *See, e.g., Lengerich*, 633 at 599.

### A. The '476 Patent Requires A Supporting Frame.

The '476 Patent has five independent claims—Claims 1, 7, 13, 20, and 25. Each of these claims recites various components of a grill. Each requires a specific structure that is not literally or equivalently present in the Sunbeam grill—a supporting frame to hold the grill.

Such a frame is a key element of the '476 Patent. The specification and drawings of the '476 Patent describe the frame in detail. The frame is a separate structure that is mounted in spaced relation to the cooking chamber. Exhibit B, col. 5, ll. 45-50, 57-61. As the specification explains, frame assembly 14 is adapted to provide support to the cooking chamber 12 via front structure 14a and rear structure 14b, as shown in Figures 5, 6, and 7 below. Exhibit B, col. 5, ll. 53-55. The frame assembly is made up of a plurality of frame members, with upper and lower portions 52 and 54. Exhibit B, col. 5, ll. 40-43. The frame assembly has at least two frame member assemblies, first frame member 60 and second frame member 62. Exhibit B, col. 5, ll. 43-45.



The Sunbeam Margaritaville Tailgating Grill simply has no such frame assembly, as the photographs above make clear, and thus cannot infringe the '476 Patent, either literally or under the doctrine of equivalents.

Furthermore, Claim 1 (and its dependent claims) of the '476 Patent calls for a shelf directly attached to the upper portion of a frame member. The Sunbeam grill's shelf is connected to a handle. Thus, the only way Claim 1 could be infringed would be for the handle itself to be considered to be the frame member, which is an illogical and legally flawed construction. The fact that Claim 6, dependent on Claim 1, recites a handle as a separate claim element makes this construction further impossible under principles of claim differentiation, according to which two claims in the same patent cannot have identical scope, but instead, there is an intended difference in scope between the two. *Versa Corp. v. Ag-Bag Int'l Ltd.*, 392 F.3d

1325, 1330 (Fed. Cir. 2004) ("The doctrine of claim differentiation 'create[s] a presumption that each claim in a patent has a different scope.'" (quoting *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998)); s*ee also, Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) ("[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim.")

Independent Claim 7 similarly calls for a shelf member directly attached to the frame assembly and cannot be infringed for the same reasons. Claim 12, dependent on Claim 7, calls for a separate handle.

Independent Claim 13 and its dependent claim 19 cannot be infringed for the same reasons.

Independent Claim 20 is a little different but also cannot be infringed. It calls for a shelf member that is directly attached to a handle. The handle in turn must be attached to the upper portion of the frame assembly. The Sunbeam grill's handle is attached directly to the firebox and thus this claim cannot be infringed either.

Finally, independent Claim 25 cannot be infringed for the same reasons as Claims 1, 7, and 13. Dependent Claim 28 specifically calls for a handle.

    **B.**    **The '071 Patent Requires Shelves That Are Directly Connected to the Fire Bowl.**

Like the '476 Patent, the '071 Patent has claim elements that simply are not present in the Margaritaville Tailgating Grill. And Weber is estopped from arguing that there is infringement of these elements under the doctrine of equivalents.

The '071 Patent has three independent claims—Claims 1, 10, and 12. Each of these claims requires a shelf that is "directly attached" to the fire bowl or cooking chamber, as shown below:

Claim 1: A portable barbecue grill assembly comprising:

…

At least one shelf being **directly and pivotally attached** to said fire bowl…

Claim 10: A portable barbecue grill assembly comprising:

…

at least two shelves, each shelf being **directly and pivotally attached** to one of each of said external sidewalls of said fire bowl…

Claim 12: A portable barbecue grill assembly comprising:

…

at least one shelf being **directly and pivotally** attached to said cooking chamber…

A simple examination of the Margaritaville Tailgating Grill makes clear that the shelves are attached to the handles, and not directly to the cooking chamber. For that reason there is no literal infringement.

Furthermore, because this claim element was specifically added during prosecution to obtain allowance of the claims, there can be no equivalent infringement of this element due to prosecution history estoppel. In *Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, the Court held that prosecution history estoppel bars a patentee from asserting equivalents if the scope of the claims has been narrowed by an amendment made to secure the patent. 535 U.S. 722, 736, 122 S. Ct. 1831, 152 L.Ed.2d 944 (2002). And that is precisely what happened here.

During prosecution, to obtain allowance of the claims, in an amendment dated July 14, 2008, Weber amended all of the independent claims (Claims 1, 11, 16) to include the limitation "directly and." Exhibit D, at pp. 2-4, 7. These claims issued as Claims 1, 10, and 12.

This is an *all fours Festo* situation—because the directly connected limitations were added to the independent claims to obtain the patent, Weber is absolutely precluded from arguing that shelves indirectly connected, such as those in the Sunbeam grill, are equivalent.

## IV. CONCLUSION

For all these reasons, Weber should be sanctioned for bringing this case, in an amount to be determined after subsequent proceedings.

Date: January 22, 2010

Respectfully Submitted,
**SUNBEAM PRODUCTS, INC. d/b/a JARDEN CONSUMER SOLUTIONS**

By: /s/ Thomas G. Pasternak
    Thomas G. Pasternak
    Steptoe & Johnson LLP
    115 South LaSalle Street, Suite 3100
    Chicago, Illinois 60603
    Telephone: (312) 577-1265
    Facsimile: (312) 577-1370
    tpasternak@steptoe.com

*Attorneys for Plaintiff Sunbeam Products, Inc.*

**CERTIFICATE OF SERVICE**

      I, Thomas G. Pasternak, hereby certify that on January 22, 2010, a copy of SUNBEAM'S MOTION FOR SANCTIONS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

    David I. Roche
    Baker & McKenzie LLP
    One Prudential Plaza
    130 East Randolph Drive
    Suite 3500
    Chicago, IL 60601

A copy of the foregoing was also served via U.S. Mail on the following:

    Steven Davis (Attorney for Freedom Grill) steve@sjdavislaw.com

Date: January 22, 2010　　　　　　　　　By: /s/ Thomas G. Pasternak
　　　　　　　　　　　　　　　　　　　　　　Thomas G. Pasternak
　　　　　　　　　　　　　　　　　　　　　　Steptoe & Johnson LLP
　　　　　　　　　　　　　　　　　　　　　　115 South LaSalle Street, Suite 3100
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 577-1265
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 577-1370
　　　　　　　　　　　　　　　　　　　　　　tpasternak@steptoe.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Sunbeam Products, Inc.*